*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

Nos. 19-CT-301 and 19-CT-302

MIRIAM Y. CLAY, APPELLANT,

v.

DISTRICT OF COLUMBIA, APPELLEE.

Appeals from the Superior Court
of the District of Columbia
(CTF-4191-18 and CTF-11191-18)

(Hon. Robert A. Salerno, Trial Judge)

(Submitted February 11, 2021                    Decided July 29, 2021)

*John S. Albanes* was on the brief for appellant.

*Karl A. Racine*, Attorney General for the District of Columbia, *Loren L. AliKhan*, Solicitor General, *Caroline S. Van Zile*, Deputy Solicitor General, and *John D. Martorana*, Assistant Attorney General, were on the brief for appellee. *Mark S. Wigley*, Assistant Attorney General, entered an appearance for appellee.

Before EASTERLY, MCLEESE, and DEAHL, *Associate Judges*.

MCLEESE, *Associate Judge*: Appellant Miriam Y. Clay was convicted of two counts of driving under the influence (DUI). She seeks review of the trial court's denial of her motion for treatment in lieu of criminal prosecution. We vacate Ms. Clay's convictions and remand the case for further proceedings.

**I.**

The District of Columbia charged Ms. Clay with DUI, operating a vehicle while impaired (OWI), and leaving after colliding. The District subsequently charged Ms. Clay with DUI and OWI in connection with a separate incident. In both cases, the charges carried a repeat-offender enhancement based on Ms. Clay's prior DUI conviction in Virginia. Ms. Clay moved in both cases for treatment for chronic alcoholism in lieu of prosecution, under D.C. Code § 24-607(b)(1)(A) (2012 Repl.). Ms. Clay requested a hearing on the motion.

The District opposed the motion, arguing that (1) Ms. Clay had not provided a statutorily required medical diagnosis of chronic alcoholism; (2) granting the motion would impermissibly impinge upon prosecutorial discretion; and (3) even if Ms. Clay had established that she was a chronic alcoholic, treatment in lieu of prosecution was unwarranted on the facts of the case.

Ms. Clay filed a motion for appointment of an expert and appended a form titled Triage Assessment for Addictive Disorders (TAAD-5). A scoring of Ms. Clay's responses to that form indicated that she suffered from a "moderate" alcohol-use disorder. The trial court granted Ms. Clay's motion to appoint an expert. After

examining Ms. Clay, the expert concluded that Ms. Clay met all of the eleven criteria for a diagnosis of "Alcohol Use Disorder" and that the severity of the disorder warranted intensive outpatient treatment. The report also relayed representations by Ms. Clay about the effects of her drinking, including that she had consumed alcohol to the point of blackouts; that she had woken up in unfamiliar places with unfamiliar persons, without a recollection as to the preceding events; that she had suffered from alcohol-withdrawal symptoms; that her drinking had caused difficulties in both her professional and personal life; and that she had been unable to bring her drinking under control. The trial court initially scheduled an evidentiary hearing on the motion. The hearing was continued several times, however, due to scheduling difficulties. Ultimately, the court denied the motion without an evidentiary hearing.

The court based its ruling on five conclusions. First, the court concluded that Ms. Clay had not made a "strong proffer" that she was a chronic alcoholic, and that the record supported a conclusion that Ms. Clay is a "weekend binge drinker . . . rather than a chronic alcoholic." Second, the court concluded that, because Ms. Clay was already in treatment for alcohol use, an important purpose of treatment in lieu of prosecution had been accomplished. Third, the court reasoned that treatment in lieu of prosecution is more appropriate for first-time offenders, rather than repeat offenders as to whom there are heightened interests in deterrence and punishment.

Fourth, the court noted that the case had been pending for a significant period of time, and the need for timely resolution weighed against granting treatment in lieu of prosecution. Finally, the court noted that the decision whether to criminally prosecute is normally an executive function, not a judicial function; that the legislative history of the statute authorizing treatment in lieu of prosecution reflected that civil commitment in lieu of prosecution was meant to be a "very rare exception"; and that Ms. Clay's case was not such an exception.

Ms. Clay subsequently pleaded guilty to two counts of DUI but reserved the right to challenge on appeal the trial court's denial of her motion for treatment in lieu of prosecution.

## II.

D.C. Code § 24-607(b)(1)(A) provides that "[t]he [c]ourt may . . . commit to the custody of the Mayor for treatment and care for up to a specified period of time a chronic alcoholic who . . . [i]s charged with any misdemeanor and who, prior to trial . . . , voluntarily requests such treatment in lieu of criminal prosecution." Before granting such relief, however, the court must find, "after a medical diagnosis and a civil hearing," that the defendant is a "chronic alcoholic." D.C. Code

§ 24-607(b)(2)(A)(i). A chronic alcoholic is "any person who chronically and habitually uses alcoholic beverages to the extent that: (A) [t]hey injure his health or interfere with his social or economic functioning; or (B) [h]e has lost the power of self-control with respect to the use of such beverages." D.C. Code § 24-602(1) (2012 Repl.).

We review the denial of a motion for treatment in lieu of prosecution for abuse of discretion. *Cruz v. United States*, 165 A.3d 290, 293-94 (D.C. 2017). We also review for abuse of discretion a trial court's decision to rule on such a motion without holding an evidentiary hearing. *See id.* at 296 (holding that trial court abused its discretion by refusing to conduct evidentiary hearing regarding whether defendant was chronic alcoholic).

We hold that the trial court acted outside the scope of its discretion in denying the motion without a hearing. As previously noted, one of the trial court's reasons for denying the motion was that Ms. Clay had failed to make a "strong proffer" that she was a chronic alcoholic. We conclude to the contrary that, although there was conflicting information on the issue, Ms. Clay proffered sufficient evidence on that issue to require the trial court to hold a hearing before resolving the issue unfavorably to Ms. Clay.

It is true, as the trial court pointed out, that there was evidence that Ms. Clay "is able to maintain employment, is generally productive, is otherwise in good health, and appears to have some measure of self-control." The report of Ms. Clay's expert, however, also contained numerous statements that, if credited after an evidentiary hearing, might support a finding that Ms. Clay was a chronic alcoholic, i.e., that she chronically and habitually used alcoholic beverages to an extent that interfered with her social or economic functioning or that she had lost the power of self-control over her use of alcohol. D.C. Code § 24-602(1). Such statements included that Ms. Clay was not able to stop drinking once she started, resulting in "blackout[s], not remembering where she was or what she had done . . .[;] waking up in rooms of people she did not know or in cars with other people or by herself . . .[;] and [experiencing] withdrawal symptoms the next day after binging on alcohol." Ms. Clay also reported that her drinking had caused significant difficulties both in her business and her personal life.

The expert also concluded that Ms. Clay met all of the eleven criteria for Alcohol Use Disorder, including that Ms. Clay: (1) continued to drink even though her drinking caused trouble with family or friends; (2) drank more than intended on more than one occasion; (3) failed more than once to reduce her drinking despite a

desire to do so; and (4) continued to drink even though her drinking caused depression, anxiety, health problems, or blackouts.

For these reasons, we conclude that the trial court was not in a position to determine whether or not Ms. Clay was a chronic alcoholic without holding an evidentiary hearing on the issue.

Although the trial court listed other reasons that in the trial court's view also supported a discretionary decision to deny the motion for treatment in lieu of prosecution, the trial court did not expressly state that it would have denied Ms. Clay's motion even if Ms. Clay is a chronic alcoholic. The District of Columbia suggests that we could infer that the trial court's decision would have been the same even if Ms. Clay is a chronic alcoholic, but we do not see an adequate basis for such an inference. We therefore are unable to uphold the trial court's denial of the motion for treatment in lieu of prosecution.

Ms. Clay argues that this court therefore must vacate her convictions and remand the case for a hearing on the motion for treatment in lieu of prosecution. Although the District of Columbia argues that we can uphold the trial court's ruling, it does not make any alternative argument about the proper remedy if this court

concludes that the trial court's ruling cannot be upheld. We therefore vacate Ms. Clay's convictions and remand for an evidentiary hearing on Ms. Clay's motion for treatment in lieu of prosecution.

Ms. Clay requests in passing that the case be reassigned to a different judge on remand. Ms. Clay provides no substantive argument in favor of reassignment to a different judge, however, and we see no basis for such reassignment.

We express no view as to the proper disposition of Ms. Clay's motion on the merits. We do, however, exercise our discretion to address three points that are likely to arise on remand. *See, e.g.*, *In re G.D.L.*, 223 A.3d 100, 107 (D.C. 2020) (addressing issue that might well arise on remand).

First, we note our statement in *Cruz* that trial courts exercising their discretion as to whether to grant a motion for treatment in lieu of prosecution must do so "in light of Congress's pronouncement that 'all public officials in the District of Columbia shall take cognizance of the fact that . . . a chronic alcoholic is a sick person who needs, is entitled to, and shall be provided appropriate medical, psychiatric, institutional advisory, and rehabilitative treatment services.'" *Cruz*, 165 A.3d at 293 n.9 (quoting D.C. Code § 24-601).

Second, we briefly address the trial court's statements (1) equating treatment in lieu of prosecution with "civil commitment" and (2) relying on legislative-history materials indicating that civil commitment in lieu of prosecution should be the very rare exception. This court held in *Cruz* that outpatient treatment is available under § 24-607(b). 165 A.3d at 295. It therefore is not accurate to equate treatment in lieu of prosecution with civil commitment. Given that holding, and given that Ms. Clay in this case apparently was seeking outpatient treatment in lieu of prosecution, the trial court gave undue weight to the statement in the legislative history that "civil commitment" was intended to be a "very rare exception." 114 Cong. Rec. 22317 (daily ed. July 19, 1968) (excerpt of committee report). In the statement at issue, the committee report appeared to be expressing an intent that involuntary civil commitment be a rare exception, not that treatment in lieu of prosecution on the motion of the defendant be a rare exception. *See id.* (noting that new statute "emphasize[s] the public health aspect of the [problem], and voluntary treatment, whereas the old provisions emphasized the criminal aspects of the problem, and involuntary treatment"); *id.* (noting that broad definition of "chronic alcoholic" was "justified . . . in view of the fact that the bill relies upon voluntary rather than involuntary treatment for alcoholics").

Third, we note our agreement with Ms. Clay that the trial court erred by treating the general principle of prosecutorial charging discretion as a factor weighing against Ms. Clay's motion. Notwithstanding the general principle of prosecutorial charging discretion, Congress chose to give the trial court discretion to grant treatment in lieu of prosecution if the court concludes that such treatment is warranted. That legislative choice is inconsistent with treating the principle of prosecutorial charging discretion as a factor generally weighing against exercising the authority that Congress gave to the trial court.

## III.

For the foregoing reasons, we vacate Ms. Clay's convictions and remand the case for an evidentiary hearing on Ms. Clay's motion for treatment in lieu of prosecution.

*So Ordered.*